UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONALD E. MALLORY-BEY,

    Plaintiff,

Case No. 1:04-CV-137

v.

HON. RICHARD ALAN ENSLEN

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

**AMENDED JUDGMENT**[1]

    Defendants.
_____/

    This matter is before the Court on the Objections of Defendant Janet McNees (formerly Caswell) to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation dated February 7, 2005. The Report recommended that Defendant McNees' Motion for Summary Judgment be granted in part and denied in part and Plaintiff's Motion for Summary Judgment be granted in part and denied in part. Pursuant to 28 U.S.C. § 636, the Court now reviews the Objections, the Report, and pertinent parts of the record *de novo*.

    Both Defendant's and Plaintiff's Motions for Summary Judgment are brought pursuant to Federal Rule of Civil Procedure 56. Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[1] This Judgment enters *nunc pro tunc*, effective April 15, 2005, to clarify that the Partial Judgment entered on said date resolved all claims. This amendment is pursuant to Federal Rule of Civil Procedure 60(a) to correct a clerical error. This amendment does not affect the content or effect of the earlier Partial Judgment.

as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant raises two objections to the Report.  Defendant's first objection argues that the Magistrate Judge was incorrect in determining that *res judicata* did not preclude the present suit.  Upon review, the Court finds the Magistrate Judge's determination that the Stipulation and Order Approving Stipulation in *Hadix v. Johnson*, Case No. 4:92-CV-110 (W.D. Mich) and *Knop v. Johnson*, Case No. 1:84-CV-651 (W.D. Mich.) does not preclude this suit is correct. (*See* Def.'s Resp. Br., Exs. B & C.)  "The doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 661 (6th Cir. 1990) (internal citations omitted). "Generally speaking, when a particular fact is established not by judicial resolution but by stipulation of the parties, that fact has not been 'actually litigated' and thus is not a proper candidate for issue preclusion." *United States v. Botefuhr,* 309 F.3d 1263, 1282-83 (10th Cir. 2002) (citing *Otherson v. Dep't of Justice*, 711 F.2d 267, 274 (D.C. Cir. 1983)); see also *Kane v. Town of Harpswell*, 254 F.3d 325, 329 (1st Cir. 2001). This is particularly so when the stipulation does not clearly state an intent to be bound in a subsequent action. *Id*.  The Stipulation and Order do not reference future actions nor do they constitute a final judgment rendered upon the merits of the action.

Furthermore, as correctly determined by the Magistrate Judge, there is neither an identity of issues or nor an identity of causes of action.  In *Hadix/Knop*, the issue was the modification of the mail policy and was controlled by the standard set forth in *Rufo v. Inmates of Suffolk County Jail*,

502 U.S. 367 (1992). In this case, the issue at bar is whether a prison official violated Plaintiff's constitutional rights and is controlled by the standard set forth by the Supreme Court in *Turner v. Safely*, 482 U.S. 78 (1987). For the above reasons, the Court adopts the analysis set forth in the Report as to the preclusion issue and denies Defendant's first objection.

Defendant's next objection argues that the Magistrate Judge erred in concluding that *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003) is the controlling Sixth Circuit case law on point. Defendant argues that *Sallier* is not applicable because the Sixth Circuit did not focus on the security concerns which arose as a result of the terrorist attacks of September 11, 2001. (Objs. at 5.) Although the issue of the September 11, 2001 attacks was not argued, the Sixth Circuit's Opinion was issued in 2003 and, therefore, the Sixth Circuit was aware of the possibility of heightened security concerns as a result of the September 11, 2001 attacks. Furthermore, the Sixth Circuit clearly stated that "There is no penological interest or security concern that justifies opening such [legal] mail outside of the prisoner's presence when the prisoner has specifically requested otherwise." *Sallier*, 343 F.3d at 877-78. Upon review, this Court finds that the analysis set forth by the Magistrate Judge is correct and adopts the Report and Recommendation and denies Defendant's second objection.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Janet McNees' Objections (Dkt. No. 29) are **DENIED** and the Report and Recommendation dated February 7, 2005 (Dkt. No. 28) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant McNee's Rule 12(b) Motion to Dismiss or Alternative Rule 56(b) Motion for Summary Judgment (Dkt. No. 22) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's claims against Defendant McNees in her personal capacity are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff Donald E. Mallory-Bey's Counter-Motion for Summary Judgment (Dkt. No. 25) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff is granted Summary Judgment as to his official capacity claim for injunctive relief against Defendant McNees.

**IT IS FURTHER ORDERED** that the Michigan Department of Correction is immediately and permanently enjoined from opening (outside the prisoner's presence) the legal mail of any prisoner who properly requests, or has previously requested, that his or her legal mail be opened only in his or her presence.

**IT IS FURTHER ORDERED** that the Partial Judgment of April 15, 2005, is amended to be a Final Judgment *nunc pro tunc* effective April 15, 2005.

DATED in Kalamazoo, MI:  
    August 19, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE