UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MALLORY-BEY,

    Plaintiff,                                      Hon. Richard Alan Enslen

v.                                              Case No. 1:04-CV-137

MICHIGAN DEPARTMENT
OF CORECTIONS, *et al.*,

    Defendants.

_____/

## ORDER

    This matter is before the Court on Plaintiff's Motion for Costs. On April 15, 2005, the Court entered Judgment in this matter for Plaintiff. Plaintiff now requests that he be awarded costs, as a prevailing party, in the amount of $886.54 pursuant to 28 U.S.C. § 1920. As discussed below, Plaintiff's motion is **granted in part and denied in part**.

    Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). The party seeking to recover its costs, however, nonetheless bears the burden of establishing that his alleged costs are both necessary and reasonable. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995). Defendants have challenged Plaintiff's Motion for Costs on several grounds, one of which is that Plaintiff has failed to establish that his alleged costs are necessary or reasonable.

    Finding Plaintiff's request deficient in this respect, the Court ordered Plaintiff to show cause why his motion should not be denied for failure to demonstrate that the costs he allegedly incurred

were both necessary and reasonable. Plaintiff was directed to respond to this Order no later than December 30, 2005. Plaintiff has failed to respond to the Court's Order.

Plaintiff requests that he be compensated for the following items:

1. Filing Fees: $150.00
2. Service of Process: $20.00
3. Postage: $318.54
4. Printing Fees: $148.00
5. Copying fees: $250.00

The summons and complaint in this matter was served on Defendants by the United States Marshal. While fees of the United States Marshal are recoverable, Plaintiff has presented no evidence that he was required to compensate the United States Marshal for effecting service in this matter. Plaintiff is likewise not entitled to reimbursement for postage. *See Hadix v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003). While the relevant statute provides for the reimbursement of costs incurred for printing and copying, Plaintiff has failed to demonstrate that his claimed costs for such were necessary or reasonable.

Plaintiff is entitled to recover his filing fees. However, because Plaintiff was permitted to proceed as a pauper in this matter (and pay the filing fee over time), he is not entitled to personally recover the entire $150.00 filing fee. Instead, Plaintiff is only permitted to personally recover that portion of the filing fee which he has actually paid to the Court, in the amount of $12.48. The remaining amount of Plaintiff's filing fee, $137.52, shall be paid to the Court.

Accordingly, **IT IS HEREBY ORDERED** THAT Plaintiff's Motion for Costs (Dkt. No. 36) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to be reimbursed for his filing fees is **GRANTED** and costs are awarded in favor of Plaintiff and against Defendants in the amount of $150.00, of which $12.48 is to be paid directly to Plaintiff, and $137.52 is to be paid to the

-3-

Clerk of the Court.  Plaintiff's request to be reimbursed for service of process, postage, printing fees, and copying fees is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |